## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MOBI TECHNOLOGIES, INC., | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.  Plaintiff Glen Ellyn Pharmacy, Inc., brings this action to secure redress for the actions of defendant Mobi Technologies, Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"),  the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.  The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.     Plaintiff Glen Ellyn Pharmacy, Inc., is an Illinois corporation with offices in Glen Ellyn, Illinois, where it maintains telephone facsimile equipment.

4.     Defendant Mobi Technologies, Inc., is a California corporation with 8370 Wilshire Boulevard, Suite 210, Beverly Hills, California 90211. Its registered agent is David Naghi located at the same address.

5.     John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.    *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

7.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendants:

    a.     Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b.     Have transacted business in Illinois.

8.      Venue in this District is proper for the same reason.

## FACTS

9.     On April 6, 2017, Glen Ellyn Pharmacy, Inc  received an unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

10.     Discovery may reveal the transmission of additional faxes as well.

11.     Defendant Mobi Technologies, Inc.,  is responsible for sending or causing the

sending of the fax.

12. Defendant Mobi Technologies, Inc., as the entity who products or services were advertised in the fax, derived economic benefit from the sending of the fax.

13. Defendant Mobi Technologies, Inc., either negligently or wilfully violated the rights of plaintiff and other recipients in sending the fax.

14. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

15. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

16. The fax does not contain an "opt out" notice that complies with 47 U.S.C. §227.

17. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

18. The TCPA provides for affirmative defenses of consent or an established business relationship. Both defenses are conditioned on the provision of an opt out notice that complies with the TCPA. *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013).

19. There is no reasonable means for plaintiff or other recipients of Defendant's unsolicited advertising fax to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

20. Plaintiff incorporates ¶¶ 1-19.

3

21.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

22.     The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

23.     Plaintiff suffered damages as a result of receipt of the unsolicited fax, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

24.     Plaintiff is entitled to statutory damages.

25.     Defendant violated the TCPA even if its actions were only negligent.

26.     Defendant should be enjoined from committing similar violations in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff against defendants for:

4

a.  Actual damages;

b.  Statutory damages;

c.  An injunction against the further transmission of unsolicited fax advertising;

d.  Costs of suit;

e.  Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

27.  Plaintiff incorporates ¶¶ 1-19.

28.  Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

29.  Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

30.  Defendant engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

31.  Plaintiff suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

32.  Defendant engaged in such conduct in the course of trade and commerce.

33.  Defendant's conduct caused recipients of their advertising to bear the cost thereof. This gave Defendant an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The

5

reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster

misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail

with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July

18, 1989, 101st Cong. 1st Sess.

34. Defendant's shifting of advertising costs to plaintiff in this manner makes such

practice unfair. In addition, defendant's conduct was contrary to public policy, as established by

the TCPA and Illinois statutory and common law.

35. Defendant should be enjoined from committing similar violations in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff against defendants for:

    a.    Appropriate damages;

    b.    An injunction against the further transmission of unsolicited fax

        advertising;

    c.    Attorney's fees, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems just and proper.

### COUNT III – CONVERSION

36. Plaintiff incorporates ¶¶ 1-19.

37. By sending plaintiff an unsolicited fax, defendant converted to its own use ink or

toner and paper belonging to plaintiff.

38. Immediately prior to the sending of the unsolicited fax, plaintiff owned and had

an unqualified and immediate right to the possession of the paper and ink or toner used to print

the fax.

6

39.     By sending the unsolicited fax, defendant appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

40.     Defendant knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

41.     Plaintiff was deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff thereby suffered damages as a result of receipt of the unsolicited fax.

42.     Defendant should be enjoined from committing similar violations in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff against defendants for:

    a.     Appropriate damages;

    b.     An injunction against the further transmission of unsolicited fax advertising;

    c.     Costs of suit;

    d.     Such other or further relief as the Court deems just and proper.

## COUNT IV –TRESPASS TO CHATTELS

43.     Plaintiff incorporates ¶¶ 1-19.

44.     Plaintiff was entitled to possession of the equipment they used to receive the fax.

45.     Defendant's sending plaintiff unsolicited faxes interfered with their use of the receiving equipment and constitutes a trespass to such equipment. *Chair King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying a motion to

dismiss with respect to plaintiff's trespass to chattels claim for unsolicited faxes), vacated on

jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

46.     Defendant acted either intentionally or negligently in engaging in such conduct.

47.     Plaintiff suffered damages as a result of receipt of the unsolicited fax.

48.     Defendant should be enjoined from continuing trespasses.

        WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff against defendants for:

        a.      Appropriate damages;

        b.      An injunction against the further transmission of unsolicited fax

                advertising;

        c.      Costs of suit;

        d.      Such other or further relief as the Court deems just and proper.


                                /s/ Daniel A. Edelman
                                Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\34429\Pleading\Complaint_Pleading.wpd